JOHN FOSHAY et al., Respondents, *v.* FREDERICK ROBINSON, Defendant, et al., Appellant, et al., Respondents.

In an action to foreclose a mechanics' lien, it appeared that by the contract of the owner, under which the work was being done, he was to pay in installments as the work progressed. In case of neglect of the contractor to furnish a sufficiency of materials or workmen, the owner was authorized to finish the work; this he did. At that time the contractor had nearly completed work which would have entitled him to the third installment of $1,800, the value of the work remaining to be done being $284. The owner also expended $485 to remedy defects in the previous work; he expended in finishing the work called for by the contract more than the amount remaining unpaid thereon. *Held,* that while the contractor was not entitled to any lien, as when the lien of the material men was filed there was in fact a sum due from the owner, they were entitled to the installment, less the expenditure required, to earn the same and to remedy the defects; that the fact the owner eventually expended more than remained due did not affect his obligation as it existed at the time said lien was filed.

(Submitted January 18, 1893, decided January 31, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of plaintiffs entered upon an order of Special Term confirming the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William A. Boyd,* appellant in person. The referee erred in finding that the defendants, Young and Tripp, furnished materials to be used in the erection of Boyd's building, in conformity with the contract between Robinson and Boyd, or that they were entitled to a lien therefor. (*Childs* v. *Anderson,* 128 Mass. 108; *Moran* v. *Chase,* 52 N. Y. 346; *Hall* v. *Sheehan,* 69 id. 618; *Paine* v. *Bonney,* 4 E. D. Smith, 734; *McAuley* v. *Mildrum,* 1 Daly, 396; *Gogin* v. *Walsh,* 11 Allen, 152; 124 Mass. 516; *Kelly* v. *B. C. Mills,* 126 id. 148; *Smith* v. *Emerson,* Id. 169; *Donoher* v. *City of Boston,* Id. 309; *Ratbun* v. *Hayford,* 5 Allen, 406.) The referee erred in finding as matter of fact that the plastering was substantially completed by Robinson on May 28, 1887, and that said Robinson had, on May 26, 1887, substantially earned $1,031 of the third payment mentioned in the contract, no part of which had been paid. (*Woodward* v. *Fuller,* 80 N. Y. 312; *Pullman* v. *Corning,* 9 id. 93.) The referee erred in holding that any part of the third payment had been earned by the builder on May 26, 1887, or at any other time, and in making up the account between the owner and the contractor at the third payment without allowing to the defendant Boyd the whole amount expended by him in correcting the existing defects and in finishing the building. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Thomas* v. *Stewart,* 132 id. 582; *Larkin* v. *McMullin,* 120 id. 206; *McDougall* v. *Nast,* 5 N. Y. S. R. 144.)

*M. Banta* for respondents Young et al.

*James C. De La More* for defendant Robinson.

*Arthur T. Hoffman* for respondents.

*Per Curiam.* The plaintiff, as a sub-contractor, brought this action to foreclose a mechanic's lien, filed for the value of materials, etc., furnished to the defendant Robinson, who had contracted with defendant Boyd to build for him a house.

By their contract the owner was to pay the contractor in instalments, fixed by different and designated stages of the work of

building; with the proviso that the work should progress in a satisfactory manner, and that a certificate of the architects should be obtained as each of the stages was reached and a payment required. It was also provided that the architects' certificate should not exempt the contractor from the obligation to correct previous defects in workmanship, etc. A further agreement provided for the finishing of the work by the owner in the case of the contractor's neglect to supply a sufficiency of materials or workmen. The contractor not proceeding satisfactorily, the owner notified him that if within a certain specified time he did not supply a sufficient number of workmen, he, the owner, would finish the work, and, because of a failure to comply with the notice, he eventually did so. At that time the contractor had nearly completed the plastering on the building; which, according to the contract, would have entitled him to the payment of the third instalment of $1,800. The referee before whom the case was tried found, with evidence in the case to support such a finding, that the plastering was substantially completed, and that the sum of $284 would represent the value of the work to complete it. He also found, upon sufficient evidence, that there were expended by the owner, to remedy various defects in the previous building work done, sums of money aggregating $485. These two sums he deducted from the amount fixed as the third instalment to be paid and the balance remaining of $1,031 he used in liquidating *pro tanto* the first lien filed, viz., of defendants Young and Tripp.

The principal question raised by the record relates to the referee's decision in these respects. He decided that, inasmuch as from the evidence it was clear that the owner had fairly expended in completing the building a sum in excess of what would be due the contractor if he had completed his contract, the contractor himself was not entitled to any lien; but that, inasmuch as when the lien of the materialmen was filed there was, in fact, due by the terms of the contract from the owner a certain sum of money, such an obligation of the owner inured to the benefit of the materialmen; subject how-

ever to such deductions as should be allowed for the expense of completing the plastering and for remedying defects in the past work. With the referee's reasoning and conclusion in that respect, we are satisfied. The fact that eventually the owner expended, in entirely finishing his house, more than remained due under the contract, cannot affect the question of the owner's obligation as it existed at the time when the lien of these materialmen was filed. Had the contractor wholly completed the building at the plastering stage, he would certainly have been entitled to the instalment, and its completion by the owner was in place of the contractor, as to the materialmen, and as to them created the liability over, lessened only by what he was obliged to expend to bring the building up to the stage mentioned in the contract as the time for the third payment. The moneys were earned at that time and the liens of these materialmen at once attached.

The owner, who is appellant, insists upon the commission of errors by the referee in his findings; but a careful perusal of the record does not bear him out in that respect, nor in respect to the soundness of any exceptions.

The judgment should be affirmed, with costs to the respondents, Young and Tripp, as against the appellant Boyd.

All concur.

Judgment affirmed.