UPTON CO. v. FLYNN et al. (No. 277–58.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

1. MECHANICS' LIENS ⬦➡163—EXTENT—STATUTORY PROVISIONS.

   Under Lien Law (Consol. Laws, c. 33) § 4, providing that a mechanic's lien shall extend to the owner's interest in the property and improvements existing at the time of filing the notice of lien, that, if labor is performed for or material furnished to a contractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon, and that the owner shall not be liable to pay, by reason of liens created, a sum greater than the agreed price of the labor and materials remaining unpaid, a lien, when notice thereof is filed, attaches to what is due to the contractor under the contract, or what will become subsequently due thereunder; and where nothing is due to the contractor, and he abandons the contract without cause, and the owner completes the work according to the contract, and under a stipulation permitting it, the lien attaches to the difference between the cost of completion and the amount unpaid on the contract price at the time of filing the lien.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 284, 358, 364, 366, 369, 370; Dec. Dig. ⬦➡163.]

2. MECHANICS' LIENS ⬦➡111—MATERIALMAN'S LIEN—STATUTORY PROVISIONS.

   A building contractor, entitled to a percentage of the labor and material as the work progressed, and to the balance on the completion of the work, furnished to within $147 in value of the contract price, and more than half of the total cost of the building, including what the owners afterward

---

paid to complete it. At the time a materialman filed notice of lien, the amount of the percentage due the contractor exceeded the amount of the lien. The contractor abandoned the work, and the owner paid more than the contract price for completing it. *Held*, that the materialman was entitled to a lien to the amount of his claim; the provision for percentage payments meaning the proportionate value of labor and materials furnished, based on the contract price.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 144–146; Dec. Dig. ☜111.]

3. MECHANICS' LIENS ☜99—BUILDING CONTRACTS—RIGHT OF MATERIALMAN.
　　A contractor, entitled to a percentage as the work progressed, refused to proceed for want of means because of the owner's failure to pay the installments, but finally proceeded with the work on the promise of the owner to pay the contractor's pay roll every week, and pay outstanding bills, including the claim of a materialman. The owner had actual notice of the claim of the materialman nearly a month before his promise. *Held*, that the owner recognized and promised to pay the claim of the materialman.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 131, 132; Dec. Dig. ☜99.]

Appeal from Trial Term, Monroe County.

Action by the Upton Company against Jerry Flynn and others. Judgment for plaintiff for less than his demand, and he appeals. Modified and affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

William T. Plumb, of Rochester, for appellant.
Glenn L. Buck, of Rochester, for respondents Flynn.

KRUSE, P. J. The defendant Bassett agreed to build a house for the defendants Flynn for the sum of $1,829, to be paid upon the certificate of the architect. The plaintiff furnished lumber therefor, and the action is to foreclose its lien, filed therefor. The original contract under which Bassett agreed to construct the house provided that 80 per cent. of the labor and material, furnished on the premises as the work progressed, was to be paid; the remaining 20 per cent. to be paid on completion and acceptance of the work or within 10 days thereafter.

At the time plaintiff's notice of lien was filed, Bassett had put into the structure labor and material of the value of $1,653.91, and no payments under the contract had been made to him at that time. The lien was filed July 27, 1912, and the defendant owners had actual notice of the filing about three days thereafter, as the evidence shows and the trial judge finds. The trial judge further finds that on or about the 25th day of August, 1912, Bassett abandoned this contract and refused to complete the work, and that thereafter the owners completed the work, furnishing the material for and on account of the contractor, Bassett, pursuant to the terms of the contract, at a total cost of $1,679. For the difference between $1,829, the contract price, and $1,679, what the owners paid for completing the contract, $150, the court decided that plaintiff was entitled to recover upon its lien.

[1, 2] Plaintiff excepts, and challenges the correctness of this de-

cision, contending that it is entitled to a lien for the full amount. I think plaintiff is right. Section 4 of the Lien Law (Laws 1909, c. 38, art. 2, § 4) provides that the lien shall extend to the owner's right, title, or interest in the real property and improvements existing at the time of filing the notice of lien; that if labor is performed for, or material furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien and any sum subsequently earned thereon; that in no case shall the owner be liable to pay, by reason of all liens created pursuant to this article, a sum greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing notices of such liens, except as otherwise provided in the act, which exceptions have no application to the questions involved in this case.

In Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017, the Court of Appeals, in construing the provisions of chapter 342 of the Laws of 1885, containing similar provisions as are now embodied in the present Lien Law, laid down the following rule for determining the extent to which a mechanic's lien attaches to the property:

"(1) If anything is due to the contractor, pursuant to the terms of the contract, when the lien is filed, it attaches to that extent.

"(2) If nothing is due to the contractor, according to the contract, when the lien is filed, but a certain amount subsequently becomes due thereunder, the lien attaches to the extent of that sum.

"(3) If nothing is due to the contractor, pursuant to the contract, when the lien is filed, and he abandons the undertaking without just cause, but the owner completes the building according to the contract, and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien is filed."

At the time of the filing of the plaintiff's notice of lien, Bassett had furnished to within $147.09 in value of the entire contract price and more than half of the total cost of completing the building, including what the owners afterward paid to complete the same. According to the terms of the contract he was to be paid 80 per cent. of the labor and material furnished on the premises as the work progressed. Assuming that this provision of the contract means, not the actual value of the labor and materials furnished, but the proportionate value based upon the contract price, the contractor had earned, and there was due him then, more than the amount of the plaintiff's lien. Eighty per cent. of one-half of $1,829 would be upwards of $700, while the plaintiff's claim is but a little over $600. Even though the contractor may have abandoned his contract, and the owner would be compelled to pay more than the contract price, that is no answer to the enforcement of this lien for the full amount. While the plaintiff's right is derivative, in a sense, it is more than that. It is a right founded upon a statute, which by its express terms gave the plaintiff a lien on the amount due from the owner to the contractor at the time of the filing of the lien for the material so furnished by the plaintiff and used in the construction of the house, with the owner's consent. I quote as follows from Ray on Mechanics' Liens:

"But the subcontractor is entitled to a lien on all that is due from the owner to the contractor at the time of the filing of the lien, and if the contractor

later defaults the owner cannot counterclaim against the amount due at the time of filing the lien; the default being subsequent to such time. The amount to which the lien may attach may be increased after the time of filing, but it can never become less than the amount due at such time. Anisansel v. Coggeshall, 83 App. Div. 491, 82 N. Y. Supp. 430; Foshay v. Robinson, 137 N. Y. 134 [32 N. E. 1041]." Ray on Mechanics' Liens, p. 334.

The cases cited sustain the quotation, and I think the principle applies to this case.

[3] 2. Furthermore, I think the evidence shows that, at the time of the transaction which the trial court has found to be an abandonment, the owners recognized the plaintiff's claim and promised to pay it. While it is true that the contractor refused to proceed with the work, that refusal was based upon his lack of means, as he stated, although at that time a large amount had been earned by him under the contract and was being withheld, and unjustly so, as I think. But, notwithstanding such refusal, he did proceed with the work thereafter, upon the promise of the owners, as the plaintiff contends, to pay the amount of the pay roll each week of the contractor and his men, and pay the outstanding bills, including that of the plaintiff. I think the testimony of the contractor and the architect supports this contention. Flynn admits paying the other bills, but disputes the fact that he agreed to pay the plaintiff's bill. He says he did not know about it; but the evidence shows, and the finding is to the effect, that he had actual notice of the plaintiff's lien on or about the 30th day of July, 1912, which was nearly a month before this transaction.

I think the findings should be modified, by striking out the finding of an abandonment, and in lieu thereof a finding should be made substantially in accordance with plaintiff's contention, as before stated. The judgment should be modified, by declaring that the plaintiff has a valid lien for the full amount of its claim and interest. The other provisions of the judgment should be made to conform with such modification, and, as so modified, the judgment should be affirmed, with costs to the appellant against the respondent owners.

Order entered nunc pro tunc as of date of argument, May 19, 1915; the defendant Jerry Flynn having died since the argument. All concur; ROBSON and FOOTE, JJ., only upon the first ground stated in the opinion.