CENTRAL VALLEY CONCRETE CORPORATION, Respondent-Appellant, v. MONTGOMERY WARD & CO., INC., et al., Defendants, and HORN CONSTRUCTION CONNECTICUT CORP., Appellant-Respondent.— STALEY, JR., J. Cross appeals from an order of the Supreme Court at Special Term, entered August 16, 1969 in Ulster County, which denied the motion for summary judgment of the Horn Construction Connecticut Corp., and plaintiff's cross motion for partial summary judgment. This is an action to foreclose a mechanic's lien brought against Montgomery Ward & Co., as owner, and against Horn Construction Connecticut Corp., as general contractor. Montgomery Ward & Co. and Horn entered into a contract for the construction of a retail store in Ulster County,

---

* Fictitious names.

New York. Horn engaged Albini Construction Corp., a Connecticut corporation, as masonry subcontractor. It is conceded that plaintiff, Central Valley Concrete Corporation did furnish concrete and labor for the construction work during May, 1963 which had a value of $3,725.40, no part of which has ever been paid to plaintiff. Notices of lien were filed on August 13, 1963 by plaintiff and Albini. Thereafter, both lienors commenced actions to foreclose their liens, which actions were consolidated for trial pursuant to sections 43 and 45 of the Lien Law. The consolidated action was tried in March, 1966 resulting in a judgment in favor of defendant Horn dismissing the complaint of plaintiff Albini on the ground that it lacked legal capacity to sue, which judgment was affirmed on appeal by this court. (*Albini Constr. Co.* v. *Montgomery Ward & Co.*, 30 A D 2d 1006.) On its moton for summary judgment Horn contends that Central Valley entered into a stipulation during the course of the trial to the effect that, in the event Albini failed to recover against Horn, that Central Valley would discontinue its separate action against Horn. The stipulation provided that " in the event there is a recovery in behalf of plaintiff that the defendant Central Valley Concrete Corporation is entitled to have a lien against that recovery and that to the extent of $3,725.40 ", and that the judgment could include a direction for the payment of the amount directly to Central Valley. The stipulation further provided that " in the event that the court should find in this action that no money is due the Albini Construction Company, Inc. that the Central Valley Concrete Corporation will discontinue their claim against the Horn Construction Company." Special Term denied the motion for summary judgment on the ground that the stipulation did not contemplate a dismissal of the action without a determination on the merits and, therefore, the stipulation was vacated and set aside. Plaintiff asserts that at the time the stipulation was entered into, it was unaware of the affirmative defense of section 218 of the General Corporation Law, pleaded in Horn's answer but, instead, plaintiff agreed to a discontinuance of its claim if the court should find on the merits that no money was owed to Albini by Horn. Since there is some ambiguity as to the exact meaning and intent of the stipulation, Special Term properly vacated it in the interests of justice. (*Horodeckyi* v. *Horodniak*, 9 A D 2d 732; *Marrello* v. *Caputo*, 4 A D 2d 768; *Goldstein* v. *Goldsmith*, 243 App. Div. 268.) " Relief from stipulations will be granted based on general equitable considerations, particularly where, due to circumstances beyond the control of parties, the purposes of the stipulation are frustrated or contingencies of settlement fail to occur " (*Monasebian* v. *Du Bois*, 30 A D 2d 839.) The power to grant relief from a stipulation is founded upon the principle that the court to which the rights of parties have been submitted will supervise all proceedings in the action, and will control such proceedings with a view to a final disposition of the case according to its merits. (2 Carmody-Wait 2d, New York Practice, § 7:19.) Horn further contends that it should be granted summary judgment on the ground that it has a complete defense to plaintiff's claim, since the verified statements of Central Valley establish that, subsequent to the time plaintiff's claim matured, Horn paid Albini sufficient funds to satisfy plaintiff's claim. The issue of the amount of money owing and unpaid by Horn to Albini at the time of the filing of plaintiff's notice of lien has not been established, and consequently Special Term properly denied Horn's motion for summary judgment. For Horn to establish a complete defense, it must show that it paid Albini in full prior to the filing of plaintiff's notice of lien. A subcontractor's lien is restricted to satisfaction out of whatever amount, if any, is due and owing from the owner to the general contractor. (Lien Law, § 4; *Tibbetts Contr. Corp.* v. *O & E Contr. Co.*, 15 N Y 2d 324; 37 N. Y. Jur., Mechanics' Liens, §§ 17, 18.) Horn

also contends that, since the judgment in the consolidated action, dated March 5, 1968, stated that plaintiff's complaint was dismissed, this action is now barred. Although the said judgment did contain a statement that Central Valley's complaint was dismissed, it further provides that the part of the judgment dismissing plaintiff's complaint should be held in abeyance pending determination of the appeal therefrom, and further provided that Central Valley may apply for further relief subsequent to the determination of said appeal. In the judgment of affirmance dated December 13, 1968, granted by the trial court subsequent to the order of affirmance of the Appellate Division, it was provided that the rights and obligations between Horn and Central Valley should be determined in this pending action. It is evident that the trial court reserved the right to decide what effect the dismissal of Albini's complaint should have in this pending action, and it has exercised its right by restoring Central Valley and Horn to *status quo*. Special Term also properly denied Central Valley's motion for partial summary judgment. Since the merits of the claim of Central Valley have not been established, it should not be allowed to avail itself of the provisions of the stipulation in its favor where the stipulation has been set aside. Order affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.