## (December 17, 1979)

ALBERT J. BUNCE, LTD., Respondent, v THOMAS J. FAHEY, JR., et al., Appellants, et al., Defendants.—In an action to foreclose a subcontractor's mechanic's lien, defendants Thomas and Eleanor Fahey appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County, dated July 18, 1978, as directed the entry of judgment against them and in favor of the plaintiff in the amount of $3,297.57, plus interest, costs and disbursements. Judgment reversed insofar as appealed from, on the law, with costs, and complaint dismissed as to defendants Thomas and Eleanor Fahey. Pursuant to statute, a mechanic's lien is valid to the extent of "the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon" (Lien Law, § 4). In the case of a subcontractor, the lien will only attach to those funds due and owing to the general contractor at the time of its filing, or which may thereafter become due and owing *(Van Clief v Van Vechten,* 130 NY 571; *Upton Co. v Flynn,* 169 App Div 79, affd 218 NY 674), but in either event the lien will not be defeated by the subsequent abandonment of the project by the general contractor even though payments to third parties in excess of the original contract price may be required by the owner to complete the construction (see *Van Clief v Van Vechten, supra; Upton Co. v Flynn, supra;* see, also, *Foshay v Robinson,* 137 NY 134). On this appeal from a judgment foreclosing a subcontractor's mechanic's lien, the question presented is whether at the time of the filing of the subcontractor's lien or at any time thereafter, there were funds due and owing to the general contractor to which the lien might attach. We conclude that there were not, by reason of which the judgment must be reversed insofar as appealed from and the complaint as against defendants Fahey dismissed. In the instant case, the contract price for the construction of appellants' prefabricated home was

$25,925, of which $13,500 had concededly been paid prior to the filing of the plaintiff's lien. On February 24, 1973, the appellants indorsed an additional $6,000 check to the general contractor in good faith, prior to the service of any notice of lien upon them (see Lien Law, § 11), so that the total of the payments which had been made prior to the filing of the plaintiff's lien on February 26, 1973 was $19,500, or slightly less than 80% of the contract price. The final payment was to be made upon completion of the construction, but, as was conceded before Trial Term, the general contractor abandoned the instant project after completing only 55% of the work. Thus, the appellants had *overpaid* for the work actually done. Under these circumstances, there never having been any sums due and owing to the general contractor upon or after the date of the filing of the plaintiff's lien, there was never a fund to which the lien might attach (see *Van Clief v Van Vechten,* 130 NY 571, *supra*). Accordingly, so much of the action as was against the owners to foreclose the subcontractor's mechanic's lien must fail. Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.