■ In the Matter of MARCUS SUBSTRUCTURE CORPORATION, Assignor. MAX M. GOLDHABER, Respondent; KOREN-DI RESTA CONSTRUCTION CO., INC., Appellant.—Appeal by Koren-Di Resta Construction Co., Inc., a creditor, from an order of the Supreme Court, Queens County, dated January 8, 1980, which denied its motion to reject the settlement proposed by the assignee of a general assignment for the benefit of creditors. Order reversed, on the law, without costs or disbursements, motion granted, and it is directed that an order be entered according priority to those creditors which hold duly perfected mechanic's liens. We note that on this appeal the assignee respondent has taken a position which concurs with that of the creditor appellant, urging a reversal of the order of Special Term. Nevertheless, we have decided this appeal strictly on the merits, acknowledging the fact that a substantial number of creditors not party to this appeal will most certainly be affected by the determination. In the context of a general assignment for the benefit of creditors, the law requires equitable sharing of the proceeds in the hands of the assignee. (*Putnins Contr. Corp. v Winston Woods at Dix Hills,* 72 Misc 2d 987, 990, affd 43 AD2d 667, affd 36 NY2d 679.) This rule, however, does not necessarily mandate equal pro rata sharing as determined by Special Term. In cases such as this, where there are two classes competing for the funds held by the assignee, the Court of Appeals has held that a class of mechanic's lienholders must take priority over a class of nonlienor beneficiaries of a trust fund under article 3-A of the Lien Law. (*Onondaga Commercial Dry Wall Corp. v 150 Clinton St.,* 25 NY2d 106; see, also, *Ingalls Iron Works Co. v Fehlhaber Corp.,* 337 F Supp 1085, 1091; *Security Nat. Bank v Village Mall at Hillcrest,* 85 Misc 2d 771.) Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.