ELECTRIC CITY CONCRETE COMPANY, INC., Plaintiff, v ROBERT L. PHILLIPS et al., Respondents, et al., Defendants, and LATHAM HEATING & AIR CONDITIONING et al., Appellants. (Action No. 1.)

LATHAM HEATING & AIR CONDITIONING, Appellant, v VISCHERS FERRY DEVELOPMENT Co., INC., et al., Respondents, et al., Defendants. (Action No. 2.)

VISCHERS FERRY DEVELOPMENT CO., INC., Respondent, v ROBERT L. PHILLIPS, Respondent. (Action No. 3.)

Third Department, March 8, 1984

2

APPEARANCES OF COUNSEL

*Tobin & Dempf* (*David A. Ruffo* of counsel), for Latham Heating & Air Conditioning, appellant.

*Saul Balmuth* for Curtis Lumber Company, Inc., appellant.

*Gerald T. Hennessy* for Robert L. Phillips, respondent.

### OPINION OF THE COURT

KANE, J. P.

In August, 1978, Vischers Ferry Development Company, Inc. (Vischers Ferry), a general contractor, and Robert L. Phillips entered into a construction contract for an office building on real property owned by Phillips in the Town of Clifton Park, Saratoga County. The construction contract provided that the office building was to be completed by October 31, 1978 and that Phillips was to periodically make progress payments to Vischers Ferry totaling $106,500. Thereafter, Vischers Ferry hired numerous subcontractors and materialmen, including Latham Heating & Air Conditioning, Inc. (Latham Heating), to do plumbing, heating and air conditioning work ($11,049), and Curtis Lumber to provide supplies and materials ($12,017.49).

After work on the office building had begun, a dispute arose between Vischers Ferry and Phillips concerning the

quality of the work performed under the construction contract. On November 15, 1978, Phillips advised Vischers Ferry that its failure to perform in a workmanlike manner had forced him to pay for roof repairs and interior damage. Apparently, as a result of this dispute, Vischers Ferry failed to fully pay its subcontractors and materialmen for their labor and supplies. Latham Heating was not paid $6,049 and Curtis Lumber received no payment whatsoever. Therefore, both Latham Heating and Curtis Lumber filed notices of mechanics' liens on the office building for the unpaid balances due them.

In January, 1979, Latham Heating commenced a mechanic's lien foreclosure action (Action No. 2) against Vischers Ferry and Phillips (and other lienors) seeking recovery of the $6,049 owed it. Phillips' answer contained a cross claim against Vischers Ferry seeking $150,000 in damages for breach of the construction contract. Vischers Ferry's answer alleged that Phillips owed it $31,950 (balance on construction contract) and $4,935.50 (charges and credits). In July, 1979, Electric City Concrete Company, Inc., another subcontractor, commenced a mechanic's lien foreclosure action (Action No. 1) against Vischers Ferry and Phillips (and other lienors) seeking recovery of the $4,568.33 owed it. Phillips, in its answer, again cross-claimed against Vischers Ferry. Special Term consolidated Action No. 1 and Action No. 2.

Shortly thereafter, Vischers Ferry commenced a breach of contract action (Action No. 3) against Phillips, alleging that he had failed to pay $31,950 owed under the construction contract, $500 owed under a change order, and $9,990.75 in extras. The actions were transferred from Supreme Court to Saratoga County Court and, thereafter, Action No. 3 was consolidated for trial with the previously consolidated Action No. 1 and Action No. 2.

Subsequently, during a pretrial conference, the lienors agreed that the breach of contract action (Action No. 3) between Vischers Ferry and Phillips would be tried first and that they would only be observers in such litigation unless they advised County Court of their desire to actively participate therein. During said trial held on November 22, 1982, a settlement was reached between Vischers Ferry

and Phillips. The settlement was incorporated into a judgment, dated April 6, 1983, whereby Phillips agreed to pay into court an $11,000 settlement fund in return for Vischers Ferry's agreement to release him of all claims arising from the construction contract. Vischers Ferry, in consideration of Phillips' $11,000 settlement fund payment, agreed to pay or make provision for the satisfaction of all liens served on Phillips. County Court also ruled that, following an appeal, it would make determinations, upon application and due notice, of the priorities of all lienors to the $11,000 settlement fund and that the lienors would also be entitled to maintain any contract actions they may have against Vischers Ferry for any additional debt owed. Following Phillips' $11,000 settlement fund payment, County Court, by order dated April 13, 1983, discharged all liens on Phillips' office building. This appeal by Latham Heating and Curtis Lumber ensued.

Appellants contend that County Court erred in permitting the general contractor Vischers Ferry and the owner Phillips to settle the balance due on their office building construction contract (Action No. 3) without their consent, since settlement impaired their rights as mechanic's lienors who had duly commenced lien foreclosure actions. This contention must be rejected.

Pursuant to the Lien Law, a mechanic's lien is valid to the extent of "the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon" (Lien Law, § 4; see, also, *Albert J. Bunce, Ltd. v Fahey*, 73 AD2d 632). In the case of a subcontractor, a mechanic's lien will attach only to those funds due and owing to the general contractor at the time of its filing, or which may thereafter become due and owing (*Hartman v Travis*, 81 AD2d 692, 693; *Albert J. Bunce, Ltd. v Fahey, supra*). Indeed, it is well established that the rights of lienors are "derivative of those of the general contractor and are restricted to satisfaction out of the amount established to be due and owing from the owner to the general contractor" (*Strain & Son v Baranello & Sons*, 90 AD2d 924, 925; see, also, *Central Val. Concrete Corp. v Montgomery Ward & Co.*, 34 AD2d 860, 861; 37 NY Jur, Mechanic's Liens, §§ 17, 18, pp 134-137).

In the present case, at the time appellants filed their notices of liens, it was unclear what amount, if any, the owner Phillips owed to the general contractor Vischers Ferry. The amount established to be due and owing ($11,000) was only determined after Vischers Ferry and Phillips had settled their dispute during the trial held on November 22, 1982. Accordingly, County Court correctly ruled that any satisfaction of the mechanics' liens could only come out of the $11,000 (*Hartman v Travis, supra; Albert J. Bunce, Ltd. v Fahey, supra*).

Furthermore, it should be noted that County Court, in its judgment, stated that it would in the future determine the respective priorities of the lienors to share in the settlement fund upon proper application and notice following the instant appeal. As such, this is not a case which presents any issue concerning the priority of lienors to share in a lien fund or trust fund since there has not yet been any such determination to review (cf. *Matter of Marcus Substructure Corp.* [*Goldhaber — Koren-DiResta Constr. Co.*], 76 AD2d 926).

We have examined appellants' remaining contentions and find them to be without merit. The judgment and order should, therefore, be affirmed.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment and order affirmed, with costs.