■ PAUL EBERT, Doing Business as EBERT PAVING CONTRACTOR, et al., Appellants, v VAN-MAR DEVELOPERS, INC., Also Known as VAN-MAR DEVELOPMENT CORPORATION, et al., Respondents, et al., Defendants. — Main, J. P. Appeal from an order of

the Supreme Court at Special Term (Doran, J.), entered June 21, 1984 in Saratoga County, which granted the motion by defendants Van-Mar Developers, Inc., and Insurance Company of North America for summary judgment dismissing the complaint as against them.

Defendant Van-Mar Developers, Inc. (Van-Mar) owns property in the Town of Wilton, Saratoga County, which it was developing in a project known as Featherwood Estates. Van-Mar hired defendant Was-Mor Construction Company, Inc. (Was-Mor) to serve as general contractor and Was-Mor, in turn, hired plaintiffs as subcontractors to supply materials and/or perform roadway construction work on the development. Plaintiffs allege that between August and December 1980,[*] they supplied goods and performed work as required but that they have not been paid in full. Thus, on February 9, 1981, plaintiffs filed notices of mechanics' liens against Featherwood Estates.

This action was thereafter commenced to foreclose the mechanics' lien. Van-Mar and its surety, defendant Insurance Company of North America (INA), moved for summary judgment on the ground that Van-Mar's liability to the subcontractors was discharged because payment in full to Was-Mor had been made prior to the filing of the notices of mechanics' liens. Special Term granted the motion and dismissed the complaint as against Van-Mar and INA. Plaintiffs appeal.

Plaintiffs, as subcontractors, cannot enforce a lien where there is no balance due and owing from the owner to the general contractor (Lien Law § 4; *Electric City Concrete Co. v Phillips,* 100 AD2d 1, 4; 37 NY Jur, Mechanics' Liens, §§ 17-18, at 134-137). Thus, for Van-Mar to prevail on its motion, it must demonstrate that it had paid Was-Mor, as general contractor, in full prior to the filing of the liens (*see, Central Val. Concrete Corp. v Montgomery Ward & Co.,* 34 AD2d 860, 861). We first note that Van-Mar failed to support its motion with any checks or similar financial documents indicating payment to Was-Mor. Furthermore, the release for claims and liens, dated October 10, 1980, indicates that Was-Mor was paid in full for work performed as of that date, but, because plaintiffs claim that work was performed after October 10, 1980, this document does not resolve whether payment was made to Was-Mor for work performed after October 10, 1980. Additionally, although the waiver of lien, dated December 5, 1980, is marked "payment in *full*", the document refers to construction work performed on

---

[*] In the complaint's first cause of action, the dates alleged are August 15, 1980 through August 29, 1980, but it is evidence that this latter date should be December 29, 1980 and the complaint will be read accordingly.

property known as Featherwood Waterworks, a project which was distinct from the work performed by plaintiffs at Featherwood Estates. In addition, the affidavits submitted by the parties reveal contradictory positions concerning the circumstances surrounding the execution of the waiver and the release. Thus, we conclude that there are questions of fact concerning whether full payment to Was-Mor had been made and, in view of the existence of these questions of fact, summary judgment was improperly granted to defendants.

Order reversed, on the law, with costs, and motion denied. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.