■ PERMA PAVE CONTRACTING CORP., Respondent, v PAERDEGAT BOAT & RACQUET CLUB, INC., Appellant, et al., Defendant.—In an action, *inter alia,* to foreclose a mechanic's lien, the defendant Paerdegat Boat & Racquet Club, Inc., appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered August 18, 1988, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and for partial summary judgment on the issue of liability with respect to its counterclaim to recover damages for willful exaggeration of a mechanic's lien.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the appellant's motion which were to dismiss the second and third causes of action of the complaint insofar as they are asserted against it and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The record reveals that the appellant hired the defendant City Code Plumbing Contractors, Inc. (hereinafter City Code) as general contractor to do paving work at its premises. City Code in turn engaged the plaintiff as subcontractor to actually perform the paving work. After the job was completed and the plaintiff's demands to City Code for payment allegedly were rebuffed, the plaintiff filed a notice of mechanic's lien on the premises on or about February 8, 1985. The plaintiff subsequently commenced the instant action against the appellant and City Code, asserting causes of action to foreclose on the lien, to recover damages for breach of contract, and to recover in quantum meruit upon a theory of quasi contract. The appellant served an answer which, *inter alia,* set forth as an affirmative defense that it had paid City Code in full prior to the filing of the plaintiff's notice of lien. In addition, the

answer sought "damages in the event it is determined that [the plaintiff] wilfully *[sic]* filed an exaggerated mechanic's lien". The appellant thereafter moved, *inter alia,* for summary judgment dismissing the complaint and for partial summary judgment on the issue of liability with respect to its counterclaim premised upon willful exaggeration of the amount of the lien. The Supreme Court denied the motion in its entirety without explaining the reasons therefor. We now modify the Supreme Court's order and dismiss the second and third causes of action of the complaint insofar as they are asserted against the appellant.

The plaintiff clearly cannot maintain against the appellant its second cause of action to recover damages for breach of contract. The record overwhelmingly demonstrates that the appellant entered into a contract only with City Code as a general contractor and had no direct dealings with the plaintiff. Rather, the plaintiff's performance and remuneration were governed by a separate and distinct agreement between it and City Code. The appellant was not a party to that contract and had no rights or obligations thereunder; hence, there was no privity between the appellant and the plaintiff. It is well settled that a subcontractor may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity *(see, Delta Elec. v Ingram & Greene,* 123 AD2d 369; *Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). Accordingly, the second cause of action should have been dismissed as against the appellant.

There must be a similar result with respect to the third cause of action, which seeks recovery on a quantum meruit basis premised upon a theory of quasi contract and unjust enrichment. The plaintiff alleges that the appellant knowingly received and accepted the benefits of the work performed by the plaintiff upon its premises. However, it is a firmly established principle that a property owner who contracts with a general contractor does not become liable to a subcontractor on a quasi contract theory unless it expressly consents to pay for the subcontractor's performance *(see, Custer Bldrs. v Quaker Heritage,* 41 AD2d 448). The owner's mere consent to and acceptance of improvements placed on his property by the subcontractor, without more, does not render it liable to the subcontractor *(see, Contelmo's Sand & Gravel v J & J Milano, supra).* The record contains no evidence that the appellant expressed a willingness to pay the plaintiff for the paving work in this case. Therefore, the third cause of action should have been dismissed against the appellant as well.

However, contrary to the appellant's present contention, the Supreme Court acted properly in declining to dismiss the plaintiff's first cause of action for foreclosure of its mechanic's lien. It is clear that the plaintiff's lien is valid only to the extent that there was a sum due and owing from the appellant to City Code at the time of the filing of the notice of lien (*see,* Lien Law § 4; *Electric City Concrete Co. v Phillips,* 100 AD2d 1; *Strain & Son v Baranello & Sons,* 90 AD2d 924; *Albert J. Bunce, Ltd. v Fahey,* 73 AD2d 632). While the appellant claims that it had paid City Code in full prior to the plaintiff's filing of the notice of lien and that, consequently, there were no funds to which the lien might attach (*see, e.g., Albert J. Bunce, Ltd. v Fahey, supra),* the record fails to demonstrate this as a matter of law. Although the appellant submitted affidavits and excerpts from an examination before trial to demonstrate that full payment was in fact made to City Code, the only indication in the record that such payment was made *prior to* the filing of the notice of lien was a conclusory assertion to that effect in an affidavit of the appellant's president. Significantly, no checks or similar financial documents demonstrating the date of full payment were submitted (*see, e.g., Ebert v Van-Mar Developers,* 111 AD2d 495). Accordingly, the appellant did not establish as a matter of law that there were no sums due and owing to City Code at the time the plaintiff filed its notice of lien.

Additionally, the denial of the appellant's application for partial summary judgment with respect to its counterclaim based on willful exaggeration of the lien was appropriate (*see generally,* Lien Law §§ 39, 39-a). Even if, as the appellant contends, payment in full was made to City Code prior to the plaintiff's filing, there is no evidence in the record that the plaintiff was aware of such payment at the time it filed its notice of lien. Inasmuch as willful exaggeration of a lien requires proof that the lienor intentionally and deliberately exaggerated the amount permitted to be claimed, the appellant failed to establish its entitlement to judgment as a matter of law with respect to this counterclaim (*see, Howdy Jones Constr. Co. v Parklaw Realty,* 76 AD2d 1018, *affd* 53 NY2d 718). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.