■ DiVeronica Brothers, Inc., Respondent, v Patrick J. Basset, Jr., et al., Doing Business as B & F Development, Appellants, and Fahs-Rolston Paving Corporation et al.; Respondents, et al., Defendants. [624 NYS2d 296] —Casey, J. Appeal from that part of an order of the Supreme Court (Coutant, J.), entered April 22, 1994 in Broome County, which denied a motion by defendants Patrick J. Basset, Jr. and Frank J. Fava for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff, a subcontractor on a project to construct a building on a parcel of land owned by defendants Patrick J. Basset, Jr. and Frank J. Fava, doing business as B & F Development (hereinafter collectively referred to as B & F), commenced this action to foreclose on a mechanic's lien which it had filed. Also named as defendants were Noeller Industries, Inc. and several other subcontractors. Noeller, the general contractor, abandoned the project prior to completion and filed for bankruptcy. Plaintiff's mechanic's lien covers work performed prior to Noeller's bankruptcy.

Noeller filed a cross claim, asserting that B & F owed it money for work performed as general contractor. B & F cross-

claimed against Noeller, seeking damages for defective work performed while Noeller was the general contractor. Other subcontractor-defendants cross-claimed against B & F, seeking to enforce their liens. After Supreme Court issued several orders during the discovery stage of the action, B & F moved for summary judgment dismissing all lien enforcement claims against B & F. Supreme Court denied the motion, resulting in this appeal by B & F.

The rights of subcontractors under Lien Law article 2 are derivative of those of the general contractor, and subcontractors' liens must be satisfied out of funds due and owing from the owner to the general contractor *(Electric City Concrete Co. v Phillips,* 100 AD2d 1, 4; *Strain & Son v Bararello & Sons,* 90 AD2d 924, 925). Relying upon the derivative nature of the claims, B & F contends that none of the subcontractors can enforce their liens against B & F as owner because Supreme Court dismissed the claim of Noeller, the general contractor, against B & F. The dismissal of Noeller's claim against B & F was based upon Noeller's failure to comply with a conditional order of preclusion previously issued by Supreme Court upon Noeller's failure to provide a bill of particulars to B & F *(see,* CPLR 3042 [b]; 3126). As a result, Noeller has no remedy for its claim that B & F owed money to Noeller on the construction contract, but the merits of Noeller's claim were never considered. The conditional order of preclusion specifically provided that upon Noeller's failure to comply, its claim against B & F would be "dismissed without prejudice to the other parties showing an entitlement to money from Noeller".

We reject B & F's argument that the derivative nature of the subcontractors' rights under Lien Law article 2 conditions the subcontractors' right to enforce their liens upon the existence of the general contractor's remedy to recover funds due and owing from the owner. The critical issue is whether there are funds due and owing from the owner to the general contractor *(see, Electric City Concrete Co. v Phillips, supra,* at 4), which is separate and distinct from the question of whether the general contractor has a remedy to recover those funds. Accordingly, we agree with Supreme Court that the dismissal of Noeller's claim against B & F for failure to comply with the conditional order of preclusion is irrelevant to the subcontractors' lien enforcement claims. We also find no merit in B & F's claim that the dismissal has some type of preclusive effect under the doctrines of res judicata, collateral estoppel or law of the case.

We agree with B & F, however, that the evidence submitted

in support of its motion for summary judgment was sufficient to meet B & F's burden as the proponent of the motion to establish entitlement to judgment as a matter of law on the lien enforcement claims. B & F submitted ample evidence, including expert opinion evidence, to demonstrate that as a result of the defective work performed while Noeller was the general contractor, Noeller breached the contract and is liable to B & F for damages. Accordingly, B & F established the absence of any funds due and owing from B & F to Noeller out of which the subcontractors' liens can be satisfied.

In opposition to B & F's motion, plaintiff submitted evidence to demonstrate that substantial progress had been made before Noeller abandoned the project, that the work done before Noeller left the job complied with the contract plans and that Noeller had not been paid for all of the work done before Noeller left the job. The record contains a verified statement of one of B & F's principals which shows that Noeller was paid approximately $350,000 on a $750,000 contract and that B & F's lender made substantial payments on the project prior to Noeller's abandonment. Plaintiff's president alleges that B & F induced plaintiff to return to work after Noeller abandoned the project by assuring plaintiff that it could assert its claim for money due and owing from Noeller "through all available means against the project, including monies due Noeller for work it performed".

On the issue of defective work, plaintiff submitted evidence to demonstrate that B & F received substantial payments from its lender for work performed before Noeller abandoned the project based upon an engineer's certifications that the work had been performed in accordance with the plans. B & F contends that the engineer's certifications are inadmissible hearsay, but they appear to be records kept in the ordinary course of business. In any event, one of the certifications appears on an owner's application and certification for payment submitted to the lender shortly after Noeller abandoned the project. The application is signed by one of B & F's principals and constitutes an admission against B & F's interests. There is also evidence in the record that although the engineer was originally retained as the lender's consultant, B & F adopted him as its agent for the purposes of determining the quality of the work. After Noeller left the job, B & F entered into an agreement with plaintiff to return to work which conditions B & F's obligation to pay plaintiff upon the engineer's approval of the work. It is also the general rule that "evidence, otherwise excludable at trial, may be consid-

ered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court's determination" *(Wertheimer v New York Prop. Ins. Underwriting Assn.,* 85 AD2d 540, 541). We conclude, therefore, that plaintiff met its burden of demonstrating the existence of factual issues which justifies the denial of B & F's motion for summary judgment.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.