■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 1.) [707 NYS2d 745] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Lien.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.

■ 104 CONTRACTORS, INC., Respondent, v R.T. GOLF ASSOCIATES, L.P., et al., Appellants, et al., Defendants. (Appeal No. 2.) [705 NYS2d 752] —Amended judgment unanimously affirmed with costs. Memorandum: R.T. Golf Associates, L.P. and R.T. Golf, Inc. (defendants) appeal from an amended judgment after a bench trial awarding plaintiff $92,920.88 on a mechanics' lien

filed against property owned by defendants. Plaintiff subcontractor filed the mechanics' lien after defendants terminated the general contractor and required both plaintiff and the general contractor to cease all work on the job site. The lien was for site work for a golf driving range and included 9,816 cubic yards of fill dirt and 480 tons of stone for a road and building pad. Defendants contend that the amended judgment must be reversed because, at the time the lien was filed, there was nothing owed by defendants to the general contractor to which the lien could attach. We disagree.

It is well settled that the rights of a subcontractor are derivative of the rights of the general contractor and that a subcontractor's lien "must be satisfied out of funds due and owing from the owner to the general contractor" at the time the lien is filed (*DiVeronica Bros. v Basset*, 213 AD2d 936, 937; *see also,* Lien Law § 4 [1]; *Strain & Son v Baranello & Sons*, 90 AD2d 924, 925; *Bunce v Fahey*, 73 AD2d 632).

The general contractor, defendant Michael Valle, had no formal contract with defendants but their informal arrangement provided for payments based on a cost plus percentage basis. A mechanics' lien may be based on such a cost plus percentage price (*see, e.g., Fyfe v Sound Dev. Co.,* 235 NY 266, 269). Revised cost estimates were made as the project plans were revised but no ceiling price was established. Some progress payments were made during the course of the work. Supreme Court determined that, based on that informal arrangement, money became due and owing to Valle when he presented a bill for $78,528 to defendants shortly before he was discharged. We conclude that money became due and owing under this cost plus agreement when plaintiff established that defendants owed Valle for the work performed by plaintiff while Valle was the general contractor (*see generally, DiVeronica Bros. v Basset, supra,* at 938). The record supports the court's finding that the parties understood that cost could not be determined until the work had been performed by Valle or his subcontractors. Although defendants may not have been aware of the cost of the work being performed by plaintiff, the court found that they requested changes in the grade that required the quantity of fill used and they were aware that the work was being performed. Those findings should not be disturbed (*see generally, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495, *rearg denied* 81 NY2d 835).

We also reject defendants' contention that the termination of Valle after completion of the work and the proposed settlement negotiated between Valle and defendants after the lien was

filed precluded plaintiff's recovery on the lien. A lien becomes vested upon filing and subsequent failure to perform does not preclude or reduce recovery (*see, Rukeyser v Fountain & Choate*, 185 App Div 263, 267-268; *see also, Upton Co. v Flynn*, 169 App Div 79, 81-82, *affd* 218 NY 674; *Foshay v Robinson*, 137 NY 134, 136-137). We need not consider the effect of settlement because the record does not indicate that a settlement agreement was actually reached.

The amended judgment of foreclosure, entered November 3, 1998, cannot be affected by an order granting a default judgment to defendants against Valle dated December 17, 1998. "It is settled law that a trial court cannot modify or amend an error in substance affecting a judgment. Those errors may be corrected only by appeal or by vacating the judgment" (*Szabo v Szabo*, 71 AD2d 32, 35), and here the court did not vacate the judgment. (Appeal from Amended Judgment of Supreme Court, Monroe County, Fisher, J.—Lien.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.