In an action to enforce a mechanic’s lien, the defendant/third-party plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), entered February 20, 2009, as denied that branch of his motion which was for summary judgment on his third-party cause of action against the third-party defendant Max Development & Management, LLC, for contractual indemnification, and (2) from an order of the same court entered October 6, 2009, which denied his motion to discharge the plaintiffs mechanic’s lien and for summary judgment on his third-party cause of action against the third-party defendant Max Development & Management, LLC, for contractual indemnification.
Ordered that, the order entered February 20, 2009, is reversed insofar as appealed from, on the law, and that branch of the defendant/third-party plaintiffs motion which was for summary judgment on the third-party cause of action against the third- *615 party defendant Max Development & Management, LLC, for contractual indemnification is granted; and it is further,
Ordered that the order entered October 6, 2009, is modified, on the law, by deleting the provision thereof denying that branch of the defendant/third-party plaintiffs motion which was for summary judgment on the third-party cause of action against the defendant Max Development & Management, LLC, for contractual indemnification, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed; and it is further,
Ordered that the defendant/third-party plaintiff is awarded one bill of costs, payable by the third-party defendant Max Development & Management, LLC, and the plaintiff is awarded one bill of costs, payable by the defendant/third-party plaintiff.
In 2004 Pietro Módica, the defendant/third-party plaintiff, decided to construct two houses on certain real property he owned. On June 20, 2005, Módica and the third-party defendant Max Development & Management, LLC (hereinafter Max), entered into a contract (hereinafter the Construction Manager contract), in which Max agreed to act as the project manager for the construction project. In addition, Módica agreed to pay Max a particular sum, pursuant to a specific payment schedule.
After entering into the Construction Manager contract, Max retained a general contractor for the construction project. The general contractor then subcontracted certain work to certain subcontractors, including the plaintiff, M & V Concrete Contracting Corp. (hereinafter M & V Concrete).
Eventually, the construction project was completed, and Módica paid Max everything he was required to pay Max pursuant to the Construction Manager contract. Despite this, M & V Concrete, as well as the general contractor and another subcontractor, filed mechanic’s liens against Modica’s property, alleging that they were not paid in full for their work (see Lien Law § 3).
M & V Concrete commenced this action against Módica and others, seeking to enforce its mechanic’s lien. Módica then commenced a third-party action against Max and others. Alleging, inter alia, that Max was obligated under an indemnification provision in the Construction Manager contract to indemnify him for any money he had to spend to satisfy the mechanic’s liens imposed against his property, and that Max failed to fulfill that obligation, Módica asserted a third-party cause of action against Max for contractual indemnification.
“ ‘The right to contractual indemnification depends upon the *616 specific language of the contract’ ” (Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994 [2009], quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930 [2009]; Canela v TLH 140 Perry St, LLC, 47 AD3d 743, 744 [2008]). The intent to indemnify must be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances (see Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]).
Modica demonstrated his prima facie entitlement to judgment as a matter of law on his third-party cause of action against Max for contractual indemnification and, in opposition, Max failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The pertinent provision of the Construction Manager contract provides, in a clear and unambiguous manner, that if Módica made “final payment” under that contract to Max, and mechanic’s liens upon his property existed, Max was obligated to indemnify Módica for “all money that [he might] be compelled to pay in discharging such lien[s], including costs and reasonable attorneys’ fees.” It is undisputed that Módica made final payment under that contract to Max, and that mechanic’s liens upon his property existed. Accordingly, in the first order appealed from, the Supreme Court should have granted that branch of Modica’s motion which was for summary judgment on his third-party cause of action against Max for contractual indemnification, and in the second order appealed from, the Supreme Court should have denied that branch of his subsequent motion which was for the same relief as academic.
However, in the second order appealed from, the Supreme Court properly denied that branch of Modica’s subsequent motion which was to discharge M & V Concrete’s mechanic’s lien. Although, as Modica argued, there were no funds due and owing under the Construction Manager contract from him, the record reveals that he made final payment under that contract well after M & V Concrete filed its mechanic’s lien (cf. Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, 156 AD2d 550, 552 [1989]). Hence, contrary to Modica’s contention, there were funds to which M & V Concrete’s mechanic’s lien could attach (see Timothy Coffey Nursery /Landscape v Gatz, 304 AD2d 652, 653-654 [2003]; Falco Constr. Corp. v P & F Trucking, 158 AD2d 510 [1990]; Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, 156 AD2d at 552; Albert J. Bunce, Ltd. v Fahey, 73 AD2d 632 [1979]; Lien Law § 4 [1]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.