■ SMI Building Systems, LLC, Respondent, v West 4th Street Development Group, LLC, Appellant, et al., Defendants. [920 NYS2d 397]—

In an action, inter alia, to foreclose a mechanic's lien, the defendant West 4th Street Development Group, LLC, appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 2, 2010, which denied its motion for summary judgment dismissing the first cause of action to foreclose a mechanic's lien filed by the plaintiff against certain real property owned by it.

Ordered that the order is affirmed, without costs or disbursements.

In May 2009 the plaintiff, SMI Building Systems, LLC (hereinafter SMI), filed a mechanic's lien in the principal sum of $758,011 against real property in Kings County owned by the defendant West 4th Street Development Group, LLC (hereinafter West 4th). SMI alleged that, pursuant to a contract between it and DYA Construction, Inc. (hereinafter DYA), the alleged general contractor for a construction project on the subject property, it provided services and materials for the construction

project and that the lien amount was the amount of money due and owing to it by DYA under the contract. In December 2009 SMI commenced the instant action against West 4th and DYA seeking, among other things, to foreclose on its mechanic's lien. After joinder of issue, but before any discovery was undertaken, West 4th moved for summary judgment dismissing the first cause of action to foreclose the lien on the ground that, at the time SMI filed the lien and until the present, West 4th has not owed DYA any money. The Supreme Court denied the motion. West 4th appeals. We affirm.

Pursuant to statute, a mechanic's lien "will only attach to those funds due and owing to the general contractor at the time of its filing, or which may thereafter become due and owing" (*Albert J. Bunce, Ltd. v Fahey*, 73 AD2d 632, 632 [1979]; *see* Lien Law §§ 3, 4 [1]; *Matros Automated Elec. Const. Corp. v Libman*, 37 AD3d 313 [2007]). In support of its motion for summary judgment dismissing the cause of action to foreclose the lien on the ground that no fund exists to which SMI's lien can attach, West 4th failed to meet its prima facie burden. The affidavits submitted by West 4th set forth only conclusory assertions that West 4th owed no money to DYA at the time SMI filed the lien or thereafter (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), which were not supported by any evidence, such as checks or similar financial documents, establishing proof of West 4th's payment in full to DYA (*see Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550, 552 [1989]; *Ebert v Van-Mar Developers*, 111 AD2d 495, 496 [1985]; *cf. Albert J. Bunce, Ltd. v Fahey*, 73 AD2d 632 [1979]).

In light of West 4th's failure to meet its prima facie burden, we need not consider whether the papers SMI submitted in opposition to West 4th's motion were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

West 4th's remaining contentions are without merit. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.