13-4460-cv
*Triodetic Inc. v. Statue of Liberty IV, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

---

TRIODETIC INC.,

*Plaintiff-Appellant,*

v.                                                                No. 13-4460-cv

STATUE OF LIBERTY IV, LLC, STATUE CRUISES, LLC, M/V HORNBLOWER HYBRID, in rem,

*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          RAYMOND A. CONNELL, New York, NY (Brian Keane, Kaplan/Bond Group, Boston, MA, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**       KENNETH L. LEIBY, JR., Shackleton & Hazeltine, Millburn, NJ (Dean W. Baker, Bohonnon Law Firm, New Haven, CT, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Triodetic Inc. appeals from the District Court's November 7, 2013 entry of summary judgment in favor of defendants on plaintiff's claims for a maritime lien, unjust enrichment, and conversion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly granted summary judgment in favor of defendants on plaintiff's claim for a maritime lien. Plaintiff expressly agreed that no maritime lien could be deployed with respect to its purchase order with contractor Derecktor Shipyard Conn. LLC ("Derecktor"). The purchase order expressly provides that:

> The parties agree that no lien or other in rem proceeding may attach or otherwise affect title to the Vessel for which the items are being utilized or any other vessel or property owned by the Authority in connection with any dispute or claim arising under or in connection with this [purchase order].

The phrase "Vessel for which the items are being utilized" plainly refers to the vessel M/V Hornblower Hybrid, for which plaintiff was subcontracted to construct and install an atrium.

The District Court also properly granted summary judgment in favor of defendants on plaintiff's unjust enrichment claim. There is no evidence in the record that defendants expressly consented to undertake Derecktor's payment obligations to plaintiff after it became apparent that Derecktor would be unable to pay, nor do the circumstances surrounding the parties' dealings give rise to an obligation to pay. *See Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.*, 549 N.Y.S.2d 57, 59 (2d Dep't 1989) ("[I]t is a firmly established principle that a property owner who contracts with a general contractor does not become liable to a subcontractor on a quasi-contract

2

theory unless it expressly consents to pay for the subcontractor's performance.") (rejecting plaintiff's unjust enrichment claim); *U.S. E. Telecommunications, Inc. v. US W. Commc'ns Servs., Inc.*, 38 F.3d 1289, 1298 (2d Cir. 1994) ("[U]nder New York law, a subcontractor may recover from a landowner (and a sub-subcontractor from a general contractor), even when a separate contract exists between the subcontractor and general contractor, if the owner has agreed to pay the general contractor's debt or if the circumstances surrounding the parties' dealings can be found to have given rise to an obligation to pay.").[1] Accordingly, "equity and good conscience" do not require defendants, who have no contractual relationship with the subcontractor plaintiff, to pay restitution. *Golden Pac. Bancorp. v. F.D.I.C.*, 375 F.3d 196, 203 n.8. (2d Cir. 2004).

Finally, the District Court properly granted summary judgment in favor of defendants on plaintiff's conversion claim. Although the District Court did not address whether the bills of lading were non-negotiable, and apparently overlooked the fact that some of the bills of lading did not list Derecktor as consignee, plaintiff never raised these arguments in its opposition to defendants' motion for summary judgment. Accordingly, these arguments were waived. *See Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004).

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's November 7, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Although plaintiff claims in an affidavit that Derecktor "informed" it that defendants would make future payments, there is no evidence that defendants consented to pay for plaintiff's performance. Indeed, plaintiff states that defendants said only that they were "committed" to completing the project, and that payment was still "to be discussed." Joint App'x 129. *Compare U.S. E. Telecommunications, Inc.*, 38 F.3d at 1299 (finding quasi-contract liability in light of defendant's promise to plaintiff that it would "get paid").

3