Hoestadter, J.
The plaintiff recovered judgment against a local common carrier for the loss of a shipment entrusted to it, for delivery. On the return of execution unsatisfied on this judgment, the plaintiff instituted the present action against the defendant which had insured the carrier against liability. The action is founded on section 167 (subd. 1, par. [b]) of the Insurance Law which, so far as material, declares in substance that no such liability policy shall be issued unless it contains a provision that if a judgment against the insured remains unsatisfied an action may be maintained against the insurer under the terms of the policy for the amount of the judgment, within the applicable limit of the coverage under the policy.
The facts are not in dispute. The defendant resists liability solely on the ground that it paid its assured $50 in full satisfaction of the claim for the loss of the goods. In reliance on the *94 general rule that in an action brought under section 167 of the Insurance Law the judgment creditor stands in the shoes of the insured judgment debtor and can recover on the policy only if the latter can himself do so (Wenig v. Glens Falls Ind. Co., 294 N. Y. 195,198-199; Weatherwax v. Royal Ind. Co., 250 N. Y. 281, 284; Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271; Fox v. Employers’ Liability Assur. Corp., 243 App. Div. 325, 331, affd. 267 N. Y. 609; Richards on Insurance [5th ed.], § 172, pp. 629-631), the defendant urges that the settlement with its assured is equally available as a defense against the plaintiff. The defendant misconceives the rule just mentioned, applied when the insurer asserts the breach by the insured of a term or condition of the policy, such as failure to give notice or to co-operate with the insurer. Here the defendant does not charge noncompliance by the assured with any requirement of the policy. It invokes a settlement agreement with its assured, made without the plaintiff’s participation, after the loss occurred, by which it claims it fulfilled its obligation under the policy not alone to its assured but to the plaintiff as well. It does not rest its defense on the assured’s nonobservance of any term of the policy by which the plaintiff was deprived of its statutory right to enforce the policy. It virtually, admits that an enforcible claim under the policy existed and contends that it discharged that claim by a bargain concluded between it and the assured in which the plaintiff had no voice. To give this broad effect to the settlement would defeat the beneficent purpose of the statute and might readily lead to collusion (see Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302). We hold, therefore, that the settlement with the assured is not a defense to the present action by the judgment creditor.
It is not without interest that the defendant itself seems to have realized the plaintiff’s concern in the situation for it made its draft payable to the order of both the insured and the plaintiff. The insured carrier, however, succeeded in collecting the draft without the plaintiff’s indorsement thereon.
There being no other obstacle to recovery, summary judgment was properly ordered for the plaintiff. The judgment and order should, therefore, be affirmed, with $10 costs.
Stetjeb., J. P., and Hecht, J., concur.
Judgment and order affirmed, etc.