■ KENNETH R. HALL, Respondent, v RICHARD MCNEIL, Appellant, and JACK S. SCOTT, Individually and Doing Business as THE HYLANDER BAR-GRILL, Respondent.—Order, insofar as appealed from, unanimously reversed, on the law, with costs, in accordance with the following memorandum: Defendant appeals from an order permitting the codefendant Jack S. Scott to be represented by two attorneys at an examination before trial. Inasmuch as the examination before trial has been completed and only one attorney representing the defendant asked questions, the order has limited significance. Were it not for the likelihood that the question of dual representation will continue in the future, we would dismiss this appeal as moot. This issue persists, however, by reason of the defendant Scott's general liability carrier's insistence that its insured procure separate counsel to defend the noncovered causes of action. This court has held that when covered and noncovered causes of action are asserted against an insured, the correct procedure is for the insured to select his own counsel at insurance carrier's expense to defend the entire action *(New York Mut. Underwriters v Cavallaro,* 90 AD2d 962; *Allstate Ins. Co. v Long,* 85 AD2d 880, *appeal dismissed* 56 NY2d 644; *Rimar v Continental Cas. Co.,* 50 AD2d 169, 173; *see also, Prashker v United States Guar. Co.,* 1 NY2d 584, 593). Only by following this procedure may an attorney appearing on behalf of the insured avoid the likelihood of a conflict of interest (Code of Professional Responsibility DR 5-105). (Appeal from order of Supreme Court, Oneida County, Shaheen, J.—examination before trial.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.