■ FISONS CORPORATION, Doing Business as FISONS PHARMACEUTICALS, Respondent-Appellant, v LUMBERMENS MUTUAL CASUALTY CO., Appellant-Respondent. (Appeal No. 1.) [645 NYS2d 230] —Judgment unanimously affirmed without costs. Memorandum: On May 11, 1990, plaintiff contracted with Trailer Transport Systems, Inc. (Trailer), to arrange for the delivery of a shipment of pharmaceuticals from Rochester, New York, to a warehouse in the State of Georgia. Trailer issued plaintiff a bill of lading and contracted with defendant's insured, Penerex Carpet Services, Inc. (Penerex), to transport the pharmaceuticals to Georgia. En route, the pharmaceuticals were damaged. Plaintiff sued Penerex and recovered a judgment in the amount of $204,224.35 in the Court of Common Pleas in the State of Ohio, with statutory interest from May 13, 1990. Plaintiff filed the foreign judgment against Penerex in New York pursuant to CPLR 5402 on February 22, 1995. That judgment was not satisfied within 30 days after entry and, on June 12, 1995, plaintiff commenced this action against defendant pursuant to Insurance Law § 3420 (b) (1). That subdivision authorizes a direct action against an insurer where a judgment has been entered against its insured and remains unsatisfied at the expiration of 30 days from service of notice of entry of the judgment. Initially, we exercise our discretion to treat the appeal and cross appeal as taken from the judgment entered after the entry of the order from which the appeal and cross appeal were taken (*see*, CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988).

We conclude that Supreme Court properly granted plaintiff judgment against defendant in the amount of $200,000. Pursuant to the terms of its insurance policy issued to Penerex, defendant insured Penerex against liability for damage to cargo up to policy limits of $200,000 per vehicle and $400,000 per occurrence. On July 19, 1990, defendant paid Penerex the sum of $200,000 to cover loss to plaintiff's cargo of pharmaceuticals. Penerex paid no part of that sum to plaintiff. We reject the contention of defendant that its payment to its insured bars recovery by plaintiff (*see*, *Smith & Wesson v Birmingham Fire Ins. Co.*, 123 AD2d 135; *Karan Knitwear v National Ben Franklin Ins. Co.*, 12 Misc 2d 93). Additionally, we reject the contention of defendant that the "theft" of the settlement funds by Penerex constitutes failure to cooperate in the settlement of plaintiff's claim. Lastly, with respect to the insurance policy

limits, we conclude that a reasonable construction of the language of the Motor Truck Cargo Liability Basic Coverage Form, in the circumstances of this case, forces the determination that the sum of $200,000 is the amount applicable to plaintiff's loss. (Appeals from Judgment of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.