■ Thomas Arida et al., Appellants, v Essex Insurance Company, Also Known as Essex Insurance Corp., Respondent. [750 NYS2d 725] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered November 13, 2001, which granted defendant's motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiffs obtained a money judgment in a negligence action against defendant's insured, Riverfront Development, Inc. (Riverfront), and commenced this action against defendant to recover the amount of that judgment pursuant to Insurance Law § 3420 (b) (1). During the pendency of the negligence action against Riverfront, defendant, which until then had provided Riverfront with a defense, commenced a declaratory judgment action seeking judgment declaring that it owed Riverfront neither defense nor indemnity. That action was resolved by a release pursuant to which Riverfront, "in consideration of the dismissal of the Declaratory Judgment Action," released defendant from all duties under its commercial general liability policy with respect to plaintiffs' negligence action, withdrew its request for a defense and indemnification in that action and agreed that the policy "shall be considered null and void" with respect to that action. Defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint based on the release, and Supreme Court granted the motion. That was error.

Although in seeking dismissal of the amended complaint defendant purports to rely on the defense of documentary evidence pursuant to CPLR 3211 (a) (1), the release of defendant by Riverfront can have no effect on plaintiffs' Insurance Law § 3420 (b) (1) action except under the doctrine of collateral estoppel (see generally D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659). Thus, defendant is in effect seeking dismissal pursuant to CPLR 3211 (a) (5). Here, Riverfront surrendered its rights under the liability policy in settlement of the declaratory judgment action commenced by defendant, and no notice of that action or the settlement thereof was provided to plaintiffs herein. We therefore conclude that plaintiffs should not be estopped from litigating the issue raised herein, i.e., whether the liability policy covers plaintiffs' claims (see Rushing v Commercial Cas. Ins. Co., 251 NY 302, 304-305; Fisons Corp. v Lumbermens Mut. Cas. Co., 229 AD2d 925; Smith &

*Wesson v Birmingham Fire Ins. Co.*, 123 AD2d 135, 137-138; *cf. D'Arata*, 76 NY2d at 665-669; *Matter of Hofmann*, 287 AD2d 119, 122-125; *New York Cent. Mut. Fire Ins. Co. v Kilmurray*, 181 AD2d 40).

We further conclude that defendant's motion should have been denied on the additional ground that there is an issue of fact whether defendant was required to give plaintiffs notice of disclaimer of liability or denial of coverage pursuant to Insurance Law § 3420 (d). Such notice is required when a claim falls within the coverage terms of the insurance policy but is denied based on a policy exclusion (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189). Injured persons may invoke the notice requirement of section 3420 (d) even where timely notice of disclaimer or denial of coverage was given to the insured (*see Hartford Acc. & Indem. Co. v J.J. Wicks, Inc.*, 104 AD2d 289, 292-294, *appeal dismissed* 65 NY2d 691; *John v Centennial Ins. Co.*, 91 AD2d 1104, 1105, *lv denied* 59 NY2d 605). Here, it is undisputed that defendant did not give plaintiffs notice of disclaimer of liability or denial of coverage, nor has defendant established that it denied coverage on the ground that the claim fell outside the coverage terms of the policy. We therefore reverse the order, deny defendant's motion and reinstate the amended complaint. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.