■ APOLLO STEEL CORPORATION, Appellant, v SICOLO & MASSARO, INC., Respondent. [752 NYS2d 493] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered November 7, 2001, which, inter alia, granted defendant's motion for partial summary judgment dismissing the first four causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, the first four causes of action are reinstated and the cross motion is granted in accordance with the following memorandum: Plaintiff commenced this action to recover damages for the breach of two construction contracts, alleging defendant's nonpayment of sums due thereunder. As an affirmative defense to plaintiff's first four causes of action, defendant asserts payment and release, as evidenced by a document executed by the parties on November 19, 1997. That document recites that, in consideration of defendant's payment in full of $909,850.57, plaintiff "does waive, release and discharge" defendant from all claims. Plaintiff denies that it has been paid in full. It alleges that the November 1997 release was one of up to 12 similar releases previously "routinely exe-

cuted * * * after each installment of" the work had been completed, and that the November 1997 release was, like the prior releases, a partial or interim release that was not intended to bar plaintiff from recovering an unpaid balance of $155,221.88 arising from extra work performed by plaintiff.

Given the factual dispute concerning the parties' course of dealing and the significance of the November 1997 release, we conclude that Supreme Court erred in granting defendant's motion for partial summary judgment dismissing the first four causes of action. On this record, we are unable to determine as a matter of law that plaintiff unmistakably manifested the intent to waive those causes of action (*see Ess & Vee Acoustical & Lathing Contrs. v Prato Verde, Inc.,* 268 AD2d 332; *J & A Bayly Constr. Co. v Village of Castleton-on-Hudson,* 248 AD2d 766, 767-768; *cf. Orange Steel Erectors v Newburgh Steel Prods.,* 225 AD2d 1010, 1012; *see generally West End Interiors v Aim Constr. & Contr. Corp.,* 286 AD2d 250, 252). We agree with plaintiff that defendant's motion for partial summary judgment should be denied without prejudice to renew following further discovery into the parties' course of dealing and intent and, in particular, into the substance of the prior releases and the circumstances surrounding the execution of all the releases, including any pattern of partial payment and release (*see* CPLR 3212 [f]; *cf. Best v Yutaka,* 90 NY2d 833, 834; *Paisley v RTS Transp. Sys.,* 285 AD2d 973; *English v Ski Windham Operating Corp.,* 263 AD2d 443, 445; *Bank of N.Y. v Midland Ave. Dev.,* 193 AD2d 641, 642). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.