■ RUDOLPH RINCON, Respondent, v FINGER LAKES RACING ASSOCIATION, INC., Defendant, and DELAWARE NORTH CORPORATION, Appellant. [782 NYS2d 229]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered July 9, 2003. The order, insofar as appealed from, denied that part of the motion of defendants for summary judgment dismissing the complaint against defendant Delaware North Corporation in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: We reject the contention of defendant Delaware North Corporation (Delaware North) that Supreme Court erred in denying that part of defendants' motion for summary judgment dismissing the complaint against Delaware North. Delaware North contends that defendants established as a matter of law that Delaware North did not employ the individual tortfeasor and did not own or operate the premises where plaintiff was injured. We conclude that the court acted within its discretion in denying that part of defendants' motion without prejudice and with leave to renew following further discovery into the facts relating to the ownership and operation of the premises and the relationship between the two defendants (*see Fellows v County of Onondaga*, 2 AD3d 1462 [2003]; *see also Dromgoole v T-Foots, Inc.*, 309 AD2d 1186, 1187 [2003]; *Apollo Steel Corp. v Sicolo & Massaro*, 300 AD2d 1021, 1022 [2002]). It is well established that "[a] motion for summary judgment may be opposed with the claim that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party" (*Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000], citing CPLR 3212 [f]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.