■ HBE CORPORATION et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Appellant. [880 NYS2d 407]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 13, 2008 in a declaratory judgment action. The judgment granted plaintiffs' motion for summary judgment with respect to the violation of Insurance Law § 3420 (d), declaring, inter alia, that defendant must defend and indemnify plaintiffs in the underlying personal injury action.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the declarations are vacated.

Memorandum: Plaintiffs, HBE Corporation (HBE) and Cornerstone Community Federal Credit Union (Cornerstone), commenced this action alleging, inter alia, that defendant violated Insurance Law § 3420 (d) by failing to provide timely written notice to plaintiffs that it would neither defend nor indemnify its insured, Thomas Johnson, Inc. (TJI), the third-party defendant in the underlying third-party action. The underlying main action was commenced by TJI's employee and his wife against HBE and Cornerstone (*Orlikowski v Cornerstone Community Fed. Credit Union*, 55 AD3d 1245 [2008], *lv dismissed* 11 NY3d 915 [2009]). On a prior appeal we held, inter alia, that TJI was foreclosed from challenging the amount of the judgment in the main action inasmuch as HBE and Cornerstone were granted contractual indemnification in their third-party action against TJI based on TJI's default (*id.* at 1248-1249).

We conclude that Supreme Court erred in granting plaintiffs' motion for summary judgment with respect to the violation of Insurance Law § 3420 (d), declaring that defendant's disclaimer letter was invalid and that defendant must defend and indemnify plaintiffs in the underlying main action. We agree with defendant that the motion should have been denied because defendant established as a matter of law that it provided plaintiffs

with the requisite written notice of disclaimer pursuant to Insurance Law § 3420 (d) (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Notice of disclaimer under Insurance Law § 3420 (d) is required "when a claim falls within the coverage terms of the insurance policy but is denied based on a policy exclusion" (*Arida v Essex Ins. Co.*, 299 AD2d 902, 903 [2002]; *see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001]). Here, the disclaimer of coverage to plaintiffs and TJI was based upon a policy exclusion, i.e., that plaintiffs and TJI failed to notify defendant of the claim "as soon as practicable." Thus, defendant was required to comply with Insurance Law § 3420 (d) by providing both plaintiffs and TJI with written notice of its disclaimer. Here, the record establishes that the underlying accident occurred in October 2002, that defendant received notice of the accident on February 25, 2004, and that defendant sent a disclaimer letter to TJI on March 5, 2004 and to plaintiffs' attorney on March 10, 2004. According to plaintiffs, the disclaimer letter to their attorney dated March 10, 2004 did not provide the requisite notice with respect to plaintiffs' third-party action against TJI because it stated only that defendant would not defend or indemnify plaintiffs "in this matter," which referred only to the underlying main action. We reject plaintiffs' contention. As noted, the letters sent to TJI and plaintiffs' attorney stated that there was no coverage based on the failure to give defendant notice "as soon as practicable."

Finally, we decline the request of defendant on appeal that, despite its failure to cross-move for a declaration that it has no duty to defend or indemnify plaintiffs, we should nevertheless search the record and grant it that relief (*see* CPLR 3212 [b]). Defendant failed to "tender . . . evidentiary proof in admissible form" with respect to plaintiffs' failure to provide timely notice of the occurrence to defendant (*Zuckerman*, 49 NY2d at 562), and defendant thus failed to establish its entitlement to such a declaration. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.