# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**639**

**CA 12-00184**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

STATE FARM FIRE & CASUALTY COMPANY,
PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

MATTHEW RICCI, RAYMOND PINK AND MICHELLE PINK,
DEFENDANTS-RESPONDENTS.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CONWAY & KIRBY, LLP, LATHAM (ANDREW W. KIRBY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS RAYMOND PINK AND MICHELLE PINK.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 12, 2011 in a declaratory judgment action. The order, insofar as appealed from, denied in part the motion of plaintiff seeking partial summary judgment dismissing the second, third, and fourth counterclaims of defendant Matthew Ricci.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion for partial summary judgment dismissing the second counterclaim of defendant Matthew Ricci to the extent that it alleges bad faith and improper conduct by plaintiff and as modified the order is affirmed without costs.

Memorandum: Defendant Raymond Pink was a spectator at a youth hockey game when a fight broke out among other spectators in the stands. Defendant Matthew Ricci was one of those spectators, and Raymond Pink was injured during the fight. Raymond Pink and his wife, defendant Michelle Pink, subsequently commenced a personal injury action (hereafter, underlying action) against, inter alia, Ricci, seeking damages for the injuries that Raymond Pink sustained. Plaintiff, State Farm Fire & Casualty Company (State Farm), insured Ricci pursuant to a policy of homeowner's insurance (policy) and reserved its right to deny and disclaim coverage in the underlying action in a letter sent to Ricci five days after State Farm received its first notice of the underlying action. Four days after reserving its right to deny coverage, State Farm advised Ricci that, based on the question of coverage, Ricci had the right to select attorneys of his choice to defend him at State Farm's expense in the underlying action. Ricci did not select independent counsel to defend him in that action.

Approximately two years later, State Farm commenced this action seeking, inter alia, a declaration of the rights of the parties under the policy. Ricci joined issue by submitting an answer in which he asserted four counterclaims, the second of which alleged that Ricci "is entitled to have his attorney[s'] fees paid by [State Farm] with reference to the cost of defending [the underlying] action, particularly in view of the bad faith and improper conduct engaged in by [State Farm] and its representatives and agents." The Pinks submitted an answer that did not allege that State Farm had acted in bad faith.

State Farm subsequently moved for partial summary judgment dismissing Ricci's second through fourth counterclaims. Supreme Court granted only those parts of the motion with respect to the third and fourth counterclaims. We modify the order by granting that part of the motion with respect to Ricci's second counterclaim to the extent that it alleges bad faith and improper conduct by State Farm.

"[I]n order to establish a prima facie case of bad faith [based on a disclaimer of coverage], [a party] must establish that the insurer's conduct constituted a gross disregard of the insured's interests . . . In other words, [the party] must establish that the . . . insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the interests of the insured" (*Bennion v Allstate Ins. Co.*, 284 AD2d 924, 926 [internal quotation marks omitted]; *see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453-454, *rearg denied* 83 NY2d 779).

Here, State Farm met its initial burden on that part of the motion with respect to its alleged bad faith and improper conduct (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Within days of receiving the complaint in the underlying action, State Farm reserved its right to deny and disclaim coverage (*see Progressive Northeastern Ins. Co. v Farmers New Century Ins. Co.*, 83 AD3d 1519, 1520) and, shortly thereafter, it afforded Ricci the opportunity to select attorneys of his choice to represent him in the underlying action at State Farm's expense (*see Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401; *Hall v McNeil*, 125 AD2d 943). State Farm's reservation of rights is based on the complaint and, after reserving its right to deny and disclaim coverage, State Farm maintained its defense of Ricci in the underlying action. By commencing this declaratory judgment action, State Farm seeks merely to clarify its obligations under the policy, and such an approach is not only permissible but advisable (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 356).

With respect to the issue of State Farm's alleged bad faith and improper conduct, defendants failed to raise a triable issue of fact sufficient to defeat the motion. Ricci has not submitted a brief in this appeal, and we assume for the sake of argument that the Pinks have standing to oppose it. Contrary to the contention of the Pinks, State Farm's failure to disclaim coverage in a timely manner is insufficient to establish bad faith. To the extent that State Farm

failed to notify the Pinks in a timely manner that it disclaimed coverage based on a policy exclusion, the untimely disclaimer would be ineffective with respect to the Pinks (*see Arida v Essex Ins. Co.*, 299 AD2d 902, 903; *cf. HBE Corp. v Sirius Am. Ins. Co.*, 63 AD3d 1509, 1510). Moreover, the declaratory judgment action is premised upon the theory that the claim is not covered by the policy in the first instance, and no disclaimer is required where a claim falls outside the scope of coverage afforded by the policy (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648).

Contrary to the Pinks' further contention, Insurance Law § 3420 (former [d]) considers the time in which an insurer must disclaim coverage, not the time in which an insurer may bring a declaratory judgment action seeking a determination of its policy obligations. We reject the contention of the Pinks that State Farm's delay of approximately two years between the time it reserved its right to disclaim or deny coverage and its commencement of this action evinces bad faith. In addition, there is no merit to the Pinks' contention that State Farm improperly relied on sealed records from the criminal proceedings against Ricci in determining whether to deny coverage for Ricci in the underlying action. There is no merit to the Pinks' contention that the subject records were unsealed only with respect to the underlying action (*Pink v Ricci*, 74 AD3d 1773). In fact, in the underlying action, the Pinks moved for an order "directing that all court and police records, statements, investigation and transcripts involving the criminal proceeding against [Ricci] in the City of Rome Court regarding the November 26, 2006 incident for which [he] plead[ed] to assault in the third degree . . . [be] unsealed," and that relief was granted. We concluded in the appeal in the underlying action that Ricci waived his statutory privilege of confidentiality with respect to those records by asserting cross claims alleging that he had been harmed by Raymond Pink and others acting in concert with him (*id.* at 1774). Here, the Pinks contend that the cross claims were asserted approximately one week after State Farm first learned of the underlying action and several months before the records at issue were first disclosed in the underlying action by the Pinks, who had obtained them through a Freedom of Information Law request. Put differently, nothing in the record suggests that State Farm obtained the records at issue while they were sealed. We have considered the Pinks' remaining contentions with respect to State Farm's alleged bad faith and improper conduct, and we conclude that none has merit.

We next turn to the issue whether the court erred in denying without prejudice pursuant to CPLR 3212 (f) that part of the motion with respect to Ricci's second counterclaim to the extent that it alleges bad faith and improper conduct by State Farm. "Although a motion for summary judgment may be opposed on the ground 'that facts essential to justify opposition may exist but cannot then be stated' . . ., 'the opposing party must make an evidentiary showing supporting [that] conclusion, mere speculation or conjecture being insufficient' " (*Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169; *see Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1134-1135). Here, for the foregoing reasons, the Pinks' contention that State Farm acted in

bad faith is merely speculative, and the court thus abused its discretion in denying that part of the motion without prejudice and with leave to renew following further discovery (*see Welch Foods v Wilson*, 277 AD2d 882, 883; *cf. Rincon v Finger Lakes Racing Assn., Inc.*, 11 AD3d 950).

Finally, we conclude that the court properly denied that part of the motion with respect to Ricci's second counterclaim to the extent that it seeks attorneys' fees, inasmuch as " 'an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured' " (*RLI Ins. Co. v Smiedala*, 77 AD3d 1293, 1295, quoting *U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 598).

Entered: June 15, 2012                      Frances E. Cafarell
Clerk of the Court