Snyder v. New York State Education Department

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges,*
> RICHARD M. BERMAN,[*]
> *District Judge.*

Marge Snyder, Stephen C. Snyder, and Kalle Snyder,

> *Plaintiffs-Appellants,*

v. 11-1101

New York State Education Department, NYSED, *et al.*,

> *Defendants,*

Shenendehowa Central School District,

> *Defendant-Appellee.*[**]

---

[*]Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk is requested to amend the official caption to conform with the caption above.

FOR APPELLANTS:        MARGE SNYDER, Stephen C. Snyder, Kalle Snyder, *pro se*,
                       Ballston Lake, New York.

FOR APPELLEE:          KATHRYN MCCARY, Esq., McCary & Huff, LLP, Scotia, New
                       York.

Appeal from judgment of the United States District Court for the Northern District of

New York (Kahn, *J.*; Treece, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Appellants Marge Snyder, Stephen C. Snyder, and Kalle Snyder, proceeding *pro se*,[1]

appeal from the district court's denial of their motion for a new trial pursuant to Federal Rule of

Civil Procedure 59. We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

This Court reviews a district court's denial of a Rule 59(a) motion for a new trial for

abuse of discretion. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). "A

motion for a new trial ordinarily should not be granted unless the trial court is convinced that the

jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks

and brackets omitted). Upon review, we conclude that the district court did not abuse its

discretion in denying the Appellants' motion because, as discussed below, their claims

challenging the district court's evidentiary rulings, jury instructions, verdict form, and denial of

their motion for appointment of counsel, are without merit.

---

[1] Appellant Marge Snyder's motion to amend the caption is granted. Although her *pro se*
Notice of Appeal was signed only by her, the notice clearly indicated that the appeal was taken
by Kalle Snyder, as well as Marge Snyder and Stephen C. Snyder. "A pro se notice of appeal is
considered filed on behalf of the signer and the signer's spouse and minor children (if they are
parties), unless the notice clearly indicates otherwise." Fed. R. App. P. 3(c)(2).

## I.        Jury Instructions

On appeal, Appellants argue that the district court gave several erroneous jury instructions.  Under Fed. R. Civ. P. 51(d)(1), a party may assign error based on an erroneous jury instruction "if that party properly objected."  If a party does not receive the jury instructions before the jury is charged, which appears to be the case in this instance, the party must "object[] promptly after learning that the instruction or request will be, or has been, given or refused." Fed. R. Civ. P. 51(c)(2)(B).  Without preservation, as required by Rule 51(d)(1), our review is limited to one for plain error.[2]

"To establish plain error, [an] appellant must show there was (1) error (2) that is plain and (3) that affects substantial rights."  *United States v. Cossey*, 632 F.3d 82, 86-87 (2d Cir. 2011). If these three criteria are satisfied, "we may exercise our discretion to notice the forfeited error only if it seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* at 87 (internal quotation marks omitted).

---

[2] In some cases, we have reviewed a civil litigant's challenge to an unpreserved jury instruction for "fundamental error," which is "more stringent than the 'plain error' standard." *Cash v. Cnty. of Erie*, 654 F.3d 324, 341 n.8 (2d Cir. 2011); *see also Stillman v. InService Am., Inc.*, 455 F. App'x 48, 50-51 (2d Cir. 2012) (summary order) (applying fundamental error standard to unpreserved jury instruction arguments). *But see Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 152-53 (2d Cir. 2010) (using plain-error standard for unpreserved jury instruction argument); *Macquesten Gen. Contracting, Inc. v. HCE, Inc.*, 128 F. App'x 782, 785 (2d Cir. 2005) (summary order) ("The plain error standard replaces the more stringent 'fundamental error' standard that was employed in this Circuit prior to the 2003 amendment and that was applied by the Magistrate Judge on the post-trial motions."). *See generally* Fed. R. Civ. P. 51, committee notes, 2003 amend. ("The language adopted . . . is borrowed from Criminal Rule 52. Although the language is the same, the context of civil litigation often differs from the context of criminal prosecution; actual application of the plain-error standard takes account of the differences."); *id.* (discussing the application of the plain-error standard, in a "a case that seems close to the fundamental error line, account also may be taken of the impact a verdict may have on nonparties," suggesting that fundamental-error analysis may play some role in the analysis for unpreserved jury instruction objections).  We need not address which standard applies here because, as discussed *infra*, Appellants' challenge to the district court's jury instruction fails under the less exacting "plain error" standard as well.

3

For preserved arguments, we "review a district court's jury instruction *de novo* to determine whether the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law. A new trial is required if, considering the instruction as a whole, the cited errors were not harmless, but in fact prejudiced the objecting party." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001).

## A.    Deliberate Indifference under the ADA and § 504

Appellants argue that the district court erroneously failed to define "intentional discrimination" to include, *inter alia*, "deliberate indifference to the strong likelihood of a violation." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) (internal quotation marks and citations omitted). Appellants' proposed jury instruction, however, did not define intentional discrimination in this way, and Appellants did not object to the charge at the time it was given or afterward in accordance with Fed. R. Civ. P. 51(d)(1).[3] We are constrained to review any error for plain error.

Appellants' proposed instruction on deliberate indifference was an instruction with respect to damages as related to Appellants' claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court in fact gave a similar instruction that "in order to

---

[3] The school district submitted proposed jury instructions on November 12, 2010, to which Appellants raised general and specific objections on November 15, 2010 (which did not include an instruction on deliberate indifference). The case was submitted to the jury on November 29, 2010, the same day Appellants submitted an amended version of their proposed instructions, the original version of which was filed on November 26, 2010. Appellants eventually made a specific suggestion regarding deliberate indifference and intentional discrimination on December 20, 2010, after the jury had rendered its verdict. In a counseled case, we would undoubtedly consider the Appellants' same-day jury instructions untimely, *Cohen v. Franchard Corp.*, 478 F.2d 115, 122 (2d Cir. 1973), but we afford slightly more latitude to *pro se* litigants. Regardless, as noted *infra*, Appellants' proposed instruction was substantially similar to the one given.

4

recover damages for a violation of the [Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*], Section 504 or the ADA," the acts in question must be either "sanctioned or ordered" by the school district or amount to a "deliberate indifference to the rights of persons affected." Transcript of Jury Charge, Dist. Ct. Docket No. 263, at 745, 750. Appellants' proposed instruction would have directed that if the jury found that the school district "acted with deliberate indifference . . . then [it] may determine the economic or non-economic damages . . . under Section 504." Given Appellants' failure to make a timely objection when the charge was given or before the jury was discharged, and the court's instruction on damages which was substantially similar to Appellants' proposed instruction, we conclude that the instruction given did not compromise Appellants' substantial rights. In any event, the evidence adduced at trial supported the jury's verdict. Any error was certainly not plain error.

### B. Remaining Challenges to Jury Instructions

With respect to Appellants' remaining jury instruction challenges, upon review of the record and relevant case law, we conclude that the district court adequately instructed the jury with respect to Appellants' claims. Contrary to Appellants' contentions, the district court did incorporate the school district's stipulations into its instructions and informed the jury what limited issues it was to decide where appropriate. Further, although the district court did not define "otherwise qualified" as used in its instructions on § 504 and the ADA, those words are intelligible enough, especially in the context of this trial, to be understood by a lay jury for their plain definition, and thus the omission is at most harmless error. *See S.E.C. v. DiBella*, 587 F.3d 553, 570 (2d Cir. 2009); *see also St. Johnsbury Academy v. D.H.*, 240 F.3d 163, 173 (2d Cir. 2001) (test for whether a person is "otherwise qualified" under § 504 is that person must be "able

5

to meet all of a program's requirements in spite of his handicap" (internal quotation marks omitted).

## II.     Notice of Jury Instructions

With respect to Appellants' claims that they were not provided jury instructions prior to closing arguments, Federal Rule of Civil Procedure 51(b)(1) states that the court "must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments." The purpose of Rule 51 is to "allow both parties to mold their closing arguments to the points of law that will be explained in the final jury charge." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 152 (2d Cir. 2010) (citation omitted). Moreover, albeit in the counseled context, this Court has held that a party must demonstrate that the district court's actions constituted plain error if he fails properly to object to a district court's Rule 51(b)(1) violation. *See id.* In this case, the district court did not err in rejecting Appellants' argument that they were not afforded adequate time to review the final instructions because Appellants failed to raise any relevant objections before or after the charges were read, belatedly submitted their own proposed jury instructions, and were on timely notice of similar jury instructions filed by the school district.

## III.    Evidentiary Rulings

This Court reviews a district court's evidentiary rulings for abuse of discretion and will not disturb such rulings unless they are "manifestly erroneous." *See SR Int'l Bus. Ins. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006). "Unless justice requires otherwise, no error in . . . excluding evidence . . . is ground for granting a new trial. . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. "Whether an evidentiary error implicates a substantial

6

right depends on the likelihood that the error affected the outcome of the case." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir. 2004) (internal quotation marks omitted).  The moving party has the burden of showing that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Id.*

Upon review of the record and relevant case law, we hold that the district court properly limited the Appellants to presenting evidence regarding the 1996-1997 school year in a manner consistent with this Court's September 2009 remand order.  *See Snyder v. N.Y. State Educ. Dep't*, 348 F. App'x 601 (2d Cir. 2009).  As the district court ruled in its November 12, 2010 pre-trial order, the Appellants were: (1) allowed to introduce evidence regarding the existence and timing of prior dealings with the school district, including the existence and timing of requested impartial hearings occurring prior to the 1996-1997 school year; but (2) confined in their references to occurrences upon which their retaliation and discrimination claims relied; and (3) prevented from "in-depth probing into the content of any impartial hearings that formed the basis of previously dismissed claims if the probative value of such probing [wa]s substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay."  Further, given the long history of this case, the district court did not abuse its discretion by limiting the admissible evidence to that which had been previously disclosed in discovery.  Even if there was error in the district court's evidentiary rulings, Appellants have failed to establish that their substantial rights were affected by the district court's exclusions.

IV.    **Appointment of Counsel**

There is no legal right to counsel in civil cases.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Counsel may, however, be appointed pursuant to 28 U.S.C. § 1915(e)(1) if,

7

among other things, the movant satisfies the threshold requirement that the appeal have "likely merit." *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989). Once this requirement has been met, a court should consider, *inter alia*, "the indigent's ability to investigate the crucial facts, . . . the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62. This Court reviews the denial of a motion for appointment of counsel for abuse of discretion. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010).

Upon review, we conclude for substantially the reasons stated in its February 2011 decision and order that the district court did not abuse its discretion by refusing to appoint counsel.

We have considered the Appellants' remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Appellants' motion to amend the caption is hereby **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
